# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

EDWARD PALMORE,

    Plaintiff,

v.                                            CIVIL ACTION NO.: CV514-089

GRADY PERRY, Warden; FNU
HUTCHINSON; and FNU HARLAN,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Palmore v. Martin, 5:98-CV-317 (M.D. Ga. Nov. 24, 1998) (dismissed as frivolous); (2) Palmore v. Hicks, CV501-65 (S.D. Ga. Nov. 29, 2001) (dismissed for failure to exhaust)[1]; and (3) Palmore v. Jackson, et al., CV510-40 (S.D. Ga. Jan. 31, 2014) (dismissed for failure to state a claim/failure to follow Court orders/failure to exhaust).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent

---

[1] Dismissal of a prior suit for failure to exhaust administrative remedies counts as a strike under § 1915(g). Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

AO 72A
(Rev. 8/82)

danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

In his Complaint, Plaintiff contends that he has "experienced difficulties in having his intellectual properties duly mailed out to the United States Copyright Office" over the past two (2) years' time. (Doc. No. 1, p. 7). Plaintiff contends that "Defendants" violated his right to free speech and possibly his rights under the Religious Land Use and Institutionalized Persons Act.

At the time this Complaint was filed, Plaintiff had brought at least three cases or appeals which constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed this Complaint on November 6, 2014. Plaintiff should not be considered to meet the exception to the three strikes rule. The undersigned's Order dated November 6, 2014, is **vacated**. Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**. The undersigned would ordinarily recommend that Plaintiff's claims be dismissed, without prejudice, so as to permit re-filing of his Complaint after the payment of the full filing fee. However, in this case, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED**, with prejudice, as a sanction for Plaintiff's dishonesty.

On the "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983", a prisoner is asked whether he has "brought any lawsuits in federal court which deal with facts other than those involved in this action[.]" Plaintiff answered this question in the affirmative. (Doc. No. 1, p. 2). However, Plaintiff only listed one (1) previous lawsuit, Palmore v. Tucker, CV510-40. As noted above, Plaintiff

has filed at least three (3) previous lawsuits.[2] In addition, a prisoner is also asked whether he was permitted to proceed *in forma pauperis* in any of his federal lawsuits, and, if so, whether any lawsuit was dismissed on the basis that it was frivolous, malicious, or failed to state a claim. (Id. at p. 3). Plaintiff was allowed to proceed *in forma pauperis* in Case Numbered 5:98-CV-317 (M.D. Ga.), which was dismissed as being frivolous. Plaintiff failed to disclose this information in the current lawsuit, as required. Plaintiff's Complaint should be **dismissed** as an abuse of judicial process for answering a question untruthfully under penalty of perjury. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (upholding district court's dismissals for abuse of judicial process because plaintiff answered untruthfully, under penalty of perjury, about the existence of prior lawsuits), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 12th day of January, 2015.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff filed three (3) other causes of action in the Middle District of Georgia: 5:98-CV-190, -324, and -325.

4